# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-cv-0792-L** |
| | § | |
| **ROBERT HAGUE-ROGERS, et al.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER AND OPINION GRANTING PRELIMINARY INJUNCTION

Before the court is Plaintiff's Ex Parte Complaint of the United States of America for Restraining Order, Injunctive Relief, and Appointment of Temporary Receiver, filed April 18, 2011. After carefully considering the complaint, brief, answer, record, and applicable law, the court **grants** Plaintiff's Motion for a Preliminary Injunction.

**I.    Procedural and Factual Background**

Plaintiff United States of America ("Plaintiff" or "Government"), filed this Complaint on April 18, 2011, alleging that Defendant Robert Hague-Rogers ("Defendant" or "Hague-Rogers"), has illegally engaged in conduct that is tantamount to an elaborate Ponzi scheme. Plaintiff seeks a preliminary injunction and other equitable relief pursuant to 18 U.S.C. § 1345, to enjoin the alienation and disposition of property or assets controlled by and/or belonging to Defendant, and/or obtained during his commission of criminal offenses. Plaintiff further seeks to enjoin and restrain any person from withdrawing, transferring, removing, dissipating or disposing such property, or property of equivalent value. On April 19, 2011, the court entered an *ex parte* Temporary Restraining Order, enjoining Hague-Rogers from the alienation and disposition of property or assets

**Memorandum Order and Opinion Granting Preliminary Injunction- Page 1**

controlled by and/or belonging to Defendant, and/or obtained during his commission of criminal offenses. On July 1, 2011, the court held a preliminary injunction hearing concerning the matter.

This case arises out of a criminal investigation. On March 11, 2011, Defendant entered into a plea agreement and factual resume with the Government, charging him with a violation of 18 U.S.C. § 371 (18 U.S.C. § 664), Conspiracy to Commit Theft or Embezzlement from an Employee Benefit Plan. The Government contends that Defendant embezzled, stole, and/or converted to his own use funds, property, and other assets belonging to Total Welfare Benefit Fund (TWBF), an ERISA employee benefit plan. Defendant has indicated to the court that he will no longer plead guilty to the criminal indictment.

Plaintiff contends that during the course of determining the loss amount in that criminal case, investigators determined that Hague-Rogers is currently engaging in conduct tantamount to an elaborate Ponzi scheme. Plaintiff contends that Defendant is directing the transfer of assets held on behalf of private investors and single employer trusts (SETs") to pay personal expenses on behalf of him and his family, and is using funds from each category to repay amounts previously taken from other investors and SETs. Plaintiff contends that such conduct constitutes additional uncharged criminal fraudulent conduct, including federal health care offenses and wire fraud. Further, Plaintiff alleges that as of late January 2011, assets belonging to the SETs and investors still exist but will continue to be used to facilitate the alleged Ponzi scheme.

Plaintiff contends that Hague-Roger's conduct is ongoing and continues to place the public at risk. The Government seeks a preliminary injunction to have all assets belonging to Hague-Rogers, held by him for the benefit of others, and any property of equivalent value, frozen and retained by the agencies and/or financial institutions in which they are located. Plaintiff further

requests that the court order all such property to remain frozen until the resolution of this matter or any other proceeding related to this matter. Plaintiff also seeks the appointment of a temporary receiver to be paid from such assets to protect assets belonging to SETs and investors, effectuate the orderly payment of legitimate SET claims, and wind down Defendant's various businesses.

Hague-Rogers disputes Plaintiff's allegations and requests that the court continue to allow him to work in the captive insurance business to generate restitution for the victims. Hague-Rogers also requests that the court appoint Kenneth D. Sibley, CPA, to monitor and audit Hague-Rogers' involvement in the captive insurance business.

## II. Standard for Preliminary Injunction

There are four prerequisites for the extraordinary relief of a preliminary injunction. A court may issue a preliminary injunction only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citing *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*)). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a preliminary injunction can be granted. *Mississippi Power & Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the preliminary injunction.

## III. Findings and Conclusion

Based upon the record, hearing testimony, and the applicable law, the court determines that Plaintiff has met its burden by a preponderance of the evidence for the issuance of a preliminary injunction. The evidence reflects that Defendant Hague-Rogers has committed a federal health care offense in violation of 18 U.S.C. § 1347. The evidence demonstrates that Defendant is directing the transfer of assets held on behalf of private investors and SETs to pay personal expenses on behalf of him and his family, and that he is using funds from each category to repay amounts previously taken from other investors and SETs. Further, the evidence establishes that Defendant's ongoing conduct continues to place the public at risk by his actions. Accordingly, the court **finds** as follows:

1. This court has jurisdiction over the subject matter of this action and over Hague-Rogers and his businesses HR Financial Services, Inc.; HR Sales and Marketing; Total Administration Corporation, Inc.; and Private Structure Consultants, Inc. (collectively "Hague-Rogers") pursuant to 18 U.S.C. § 1345(a)(2).

2. The United States of America is a proper party to bring this action seeking the relief sought in its Complaint.

3. The court further finds that the requisite showing of irreparable harm, the outweighing of private interests in favor of public interests, and the inadequacy of other remedies necessitating the relief requested and granted herein, is established by presumption of Congressional intent to prevent the commission of a federal health care offense, and the explicit authority of 18 U.S.C. § 1345.

4. The court also finds that the United States has satisfied its burden and is entitled under 18 U.S.C. § 1345(a)(2) to obtain the requested injunction against Defendant Hague-Rogers along with his family, agents, friends, employees, attorneys, and representatives as set forth below.

5. The court further finds that a continuing and substantial injury to the United States and the public, absent a preliminary injunction issued, is likely to occur. A continuing and substantial injury is defined as the continued commission of criminal fraud, federal health care offenses and the continued dissipation, transfer, and alienation of assets or property obtained as a result of Hague-Rogers's criminal and federal health care offenses, or property equivalent in value to assets or property related to the commission of such federal health care offense or other criminal violation.

6. For the reasons stated herein, the court determines that Plaintiff United States of America has carried its burden and established that a preliminary injunction is warranted in this matter. Accordingly, the court **grants** Plaintiff's Motion for Preliminary Injunction.

## IV. Preliminary Injunction

For the reasons previously stated, **IT IS THEREFORE ORDERED** that Defendant Hague-Rogers and any other business or company he owns, operates or exercises control over are **ENJOINED** and **PROHIBITED** until the conclusion of any related criminal proceeding from:

1. Committing any criminal fraud or Federal health care offense against any investor, person, or health care benefit program as defined in 18 U.S.C. § 24(b), and/or from obtaining, by any means, any money or property under the custody or control of such any person or health care benefit program; and

2. Furnishing, causing the arranging of the purchase or selling of, or offering to furnish, arrange for the purchase of, or sale of any investment, insurance, captive insurance, consulting or business service, however characterized, or related product, retirement plan, single employer trust, or any other investment, or providing consulting services for the creation of captive insurance companies, whether under or relating to a health care benefit program as defined in 18 U.S.C. § 24(b), and regardless of whether such items or services are backed by ERISA or any state or federal agency, program, or regulated by such an entity.

**IT IS FURTHER ORDERED** that Defendant Hague-Rogers, any other business or company he owns, operates or exercises control over, his agents (including attorneys, associates, friends, family members, financial institutions, officers, employees and all persons including businesses and/or companies in active concert or participating with Hague-Rogers and the foregoing or their affairs), and any other entity having possession, temporary or otherwise, or control of property or assets of Defendant Hague-Rogers or any other business or company he owns, operates or exercises control over, are **ENJOINED** and **PROHIBITED** through the conclusion of any related criminal proceeding:

1. From accepting, transferring, alienating, withdrawing, encumbering, dissipating, alienating, and/or disposing of, or otherwise taking any action with respect to monies or property received from a health care benefit program as defined by 18 U.S.C. § 24(b), or any investor, person, or otherwise;

2. From withdrawing, transferring, dissipating or otherwise disposing of, in any manner, any property, gifts, money, sums or negotiable instruments presently deposited, or held on behalf of Defendant Hague-Rogers, any other business or company he owns, operates or exercises control over, or any of his agents or companies, by any employee, agent, associate, attorney, family member

or assignee, financial institution, trust fund, brokerage agency, other financial agency, or health care benefit program as defined by 18 U.S.C. § 24(b);

3. From transferring, selling, assigning, dissipating, concealing, encumbering, impairing, or otherwise disposing of, in any manner, cash, checks, or other assets or property, real or personal, owned, possessed, controlled, gained or acquired by Defendant Hague-Rogers or any other business or company he owns, operates or exercises control over; and

4. From disposing of personal, business, financial, accounting records, or from altering in any way the same described-records, relating to Hague-Rogers or any other business or company owned, operated or with control over, regardless of where such information is stored or maintained, and whether or not such records relate to a health care benefit program as defined by 18 U.S.C. § 24(b).

**IT IS FURTHER ORDERED** that any person or entity including, but not limited to, financial institutions, brokers, agents, family members, attorneys, employees, associates, and/or other entities, having possession or control of property and assets belonging or owed to, or held in the name of Defendant Hague-Rogers and any company he owns, operates or exercises control over, whether traceable as proceeds of his criminal conduct, are hereby **PROHIBITED, RESTRAINED,** and **ENJOINED** from disposing of, or otherwise permitting or allowing the withdrawal, transfer, or removal, to any person or entity except the United States of America or an agency thereof, of any assets or property restrained or enjoined under this order from the time of service on them, or knowledge of this order, until provided notice by written order of the court that the relief granted herein has expired or otherwise been modified by the court.

**IT IS FURTHER ORDERED** that the United States of America has demonstrated the need for appointment of a temporary receiver under 18 U.S.C. § 1345(a)(1)(A)(ii). The United States of

America is therefore authorized to select, subject to court approval, and direct any such receiver to take control and manage for the benefit of any victims, all property, whether traceable as proceeds of criminal conduct, presently held for or on behalf of Defendant Hague-Rogers by himself or any third party, or for the use or benefit of any third party, by any other business or company Hague-Rogers owns, operates or exercises control over. Such a receiver shall exercise all necessary powers to effectuate this order as well as distribute any funds for the benefit of any victims of Hague-Rogers' fraudulent conduct, or other third parties, including, but not limited to, the following authority to: (a) administer Defendants and their accounts, funds, and, if necessary, implement their orderly termination; (b) collect, marshal, and administer all of the Defendant Hague-Rogers' assets, including those sums owing and payable to them, process any unadjudicated claims and pay those which are found to be legitimate; (c) identify all creditors of the entities and the amount of their claims, and take such further actions with respect to said entities which may be appropriate; (d) control with respect to the management or disposition of assets of Defendants, including authority over all bank accounts; and (e) upon court, be paid a commercially reasonable fee from any such property so long as the action to be taken is necessary and in the best interests of any victim as defined by 18 U.S.C. § 3663A, and that such fees do not violate any obligation by any party under the Crime Victim's Rights Act of 2004 or other applicable law. Any such receiver shall be retained and have the foregoing powers and authority until such time as the United States of America notifies the court that such an appointment is no longer necessary, for whatever reason, or until the court rules otherwise. Upon selection of such a receiver, the United States of America shall provide the court with the name and qualifications of such person or organization, and upon good cause shown, the court will approve the selection as temporary receiver over Defendant Hague-Rogers's property.

Defendant Hague-Rogers, in the interim, shall continue to permit the United States with full access to all personal, business, financial, accounting records, relating to Hague-Rogers or any other business or company owned, operated or with control over, regardless of where such information is stored or maintained, and whether or not such records relate to a health care benefit program as defined by 18 U.S.C. § 24(b).

**IT IS FURTHER ORDERED** that Hague-Rogers immediately surrender to each jurisdiction that issued him a certificate, authorization or license, however characterized, related to the offering, sale, or purchase of insurance or related product, in accordance with such laws of each jurisdiction.

**IT IS FURTHER ORDERED** that Hague-Rogers repatriate to the Clerk of the United States District Court for the Northern District of Texas all assets or property located outside, or under the control or custody, of any entity outside the United States of America. All such property shall be used to pay any order of restitution, forfeiture, or other costs in any related civil or criminal proceeding.

**IT IS FURTHER ORDERED** that Hague-Rogers' conditions of pre-trial release be modified to reflect the requirements of this order and preliminary injunction, as well as to bar him from leaving the Northern District of Texas for any non-personal reason.

**IT IS FURTHER ORDERED** that the foregoing relief be lifted only to the extent necessary to permit the spouse of Hague-Rogers to access, cash, and spend any disability or social security funds. No other funds or property are affected by this exception.

**IT IS FURTHER ORDERED** that the foregoing be lifted only to the extent necessary to permit the corporate Defendants (but not Robert Hague-Rogers or Elisa Thornton, individually), to process and remit to any current policy holder an employers' premium payments, as well as

adjudicate claims for benefits from such trusts, so long as such payments are not taken, or originate from, any other trust, company, person or source.

This order granting a preliminary injunction shall be considered served upon any person or entity based upon actual notice, whether by telephone, facsimile, mail or other means. This order and the relief granted herein shall remain in effect through the conclusion of any criminal proceeding related to any Defendant unless and until otherwise modified in writing by the court, and consistent with this and any prior orders. Further, the court will consider Hague-Rogers' request for a receivership to set up procedures or a process as it relates to the captive insurance business to generate funds for restitution to the victims of the Ponzi scheme, as a separate issue from the preliminary injunction matter.

**It is so ordered** this 7th day of July, 2011.

_____
Sam A. Lindsay
United States District Judge